**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARVIN LUTHER MALONE, 411853,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05-CV-788-N** |
| | ) | |
| **ATTORNEY GENERAL OF TEXAS, ET AL.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Parties**

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*.  Defendants are: (1) Greg Abbot, Texas Attorney General; (2) Douglas Dretke, Director of the Texas Department of Criminal Justice, Institutional Division; (3) Honorable Ed Kinkeade; and (4) prosecutor Stephen Miller.

**II.  Background**

Plaintiff alleges Defendants violated his civil rights by falsely convicting him of aggravated sexual assault of a child under the age of fourteen and by filing false responses to his petition for writ of habeas corpus.  Plaintiff seeks to have the conviction expunged.  He also seeks monetary damages.

**Findings and Conclusions of the
United States Magistrate Judge**         Page -1-

### III.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### IV.  Discussion

### 1.      Heck v. Humprey

In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claims for damages are clearly connected to the legality of his conviction. A finding in favor of Plaintiff would imply the invalidity of his conviction. Plaintiff, however, states that his conviction has not been reversed, expunged, or otherwise invalidated. (*See* Magistrate Judge's Questionnaire, Answer No. 3). Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**2.     Immunity**

Plaintiff's claims against Judge Kinkeade and prosecutor Stephen Miller are additionally barred by immunity. The United States Supreme Court has recognized absolute judicial immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Similarly, prosecutors have absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). These claims should therefore be dismissed.

**3.     Expungement**

Insofar as Plaintiff seeks expungement of his conviction, that relief is not available under § 1983. "The right to expungement of state records is not a federal constitutional right." *Eutzy*

*v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989) (quoting *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980)).  Furthermore, in the absence of some "special circumstance," lower federal courts may not order expunction of public records or order that a state conviction be expunged.  *See Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978); *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972).  Plaintiff has asserted no special circumstances to warrant expungement of his records.

## RECOMMENDATION

The Court recommends that Plaintiff's claims against Judge Kinkeade and Stephen Miller be dismissed with prejudice based on immunity.  Plaintiff's remaining claims should be dismissed with prejudice until the *Heck* conditions are met.

Signed June 23, 2005.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


**Findings and Conclusions of the**
**United States Magistrate Judge**            Page -4-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


**Findings and Conclusions of the
United States Magistrate Judge**          Page -5-